IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL SCOTT MCGOWAN, )
 )
      Plaintiff, )
 )
v. ) No. 04 C 7993
 )
THE PAUL REVERE LIFE )
INSURANCE COMPANY, a subsidiary )
of UNUMPROVIDENT CORPORATION,)
a Tennessee corporation, and SCMS )
CORP. GROUP LONG TERM )
DISABILITY INSURANCE )
PLAN. )
 )
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss and Defendants' motion to strike. For the reasons stated below, we grant the motion to strike and deny the partial motion to dismiss.

## BACKGROUND

Plaintiff Daniel Scott McGowan ("McGowan") alleges that he purchased certain insurance policies ("Policies") from Defendant The Paul Revere Life Insurance Company ("Revere") and Defendant UnumProvident Corporation

("UnumProvident"). McGowan alleges that in October of 1997 he was diagnosed with tinnitus and was advised to wear "hearing protection" to prevent the worsening of his condition. (A. Compl. Par. 19). McGowan claims that as a result of the "hearing protection" he was not able to perform his job as well and his earnings significantly decreased. In March of 1998 McGowan filed a disability claim under the Policies. According to McGowan, Defendants paid him disability payments from June 7, 1998, through April 23, 2004, but refused thereafter to pay him on his disability claim. McGowan claims that the denial of his disability payments was unlawful. In McGowan's first amended complaint, he includes a claim alleging a violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), by Defendant SCMS Corp. Group Long Term Disability Insurance Plan ("Plan") (Count I), a breach of contract claim against Revere and UnumProvident (Count II), a declaratory judgment claim against the Plan (Count III), a declaratory judgment claim against Revere and UnumProvident (Count IV), a claim for attorneys' fees and costs against the Plan (Count V), and a claim for attorneys' fees and costs against Revere and UnumProvident (Count VI). Defendants now move to dismiss Counts II, IV, and VI to the extent that they allege claims against UnumProvident and move to strike the jury demand included in the amended complaint to the extent that is applies to the ERISA claims in Counts I, III, and V.

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . ."" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the

plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

### I. Motion to Strike

Defendants move to strike McGowan's demand for a jury trial to the extent that the demand applies to the ERISA claims in Counts I, III, and V. In McGowan's answer to the motion to strike, McGowan does not oppose the motion, indicates that he did not intend to ask for a jury trial on the ERISA claims, and "agrees that ERISA does not allow for a jury trial." (Ans. 5). Therefore, we grant Defendants' motion to strike.

## II. Motion to Dismiss

Defendants move to dismiss the claims in Counts II, IV, and VI to the extent that they allege claims against UnumProvident. It is undisputed by the parties that UnumProvident is not a party to the contract formed under the Policies. UnumProvident is the corporate parent entity of Revere who is a party to some of the Policies. Defendants argue that since UnumProvident is not a party to the contract with McGowan, UnumProvident cannot be held liable in the instant action. However, such arguments ignore the fact that McGowan is seeking to pierce the corporate veil to hold UnumProvident liable in its own right in light of its alleged involvement in the Policies.

First of all, a careful reading of the complaint shows that UnumProvident should have realized that McGowan was seeking to pierce the corporate veil and that adequate notice was provided by McGowan to Defendants on that point. McGowan asserts, for example, that UnumProvident itself breached the development contract, (A. Compl. Par. 23-26), and one possible legal theory that McGowan could employ to prove that point is the piercing of the corporate veil theory. Secondly, Defendants are mistaken when they contend that McGowan was required to plead that he was proceeding under the piercing the corporate veil theory. The Seventh Circuit has made it clear that under the notice pleading standard, plaintiffs "don't have to plead legal theories." *Higgs*, 286 F.3d at 439. *See also Bartholet v. Reishauer A.G.*

*(Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)(stating that "the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal" and that "[i]nstead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations."). McGowan has provided the essential facts describing the events that relate to his claims. Defendants themselves acknowledge that UnumProvident has a particular relationship with Revere who is a party to the Policies. It is not as though UnumProvident was a completely unrelated party that was named out of the blue by McGowan and there was no apparent connection between UnumProvident and the instant action. Thus, the fact that McGowan may not have explicitly stated the legal theory that he is proceeding under to hold UnumProvident liable is not a proper basis for a motion to dismiss.

Defendants also argue that McGowan has failed to provide sufficient facts to state the elements of a piercing the corporate veil theory. As is explained above, McGowan is not required to plead legal theories, and Defendants improperly attempt to hold McGowan responsible for meeting state pleading standards. Defendants argue, in their instant motion to dismiss, that McGowan must specifically allege facts to support all of the elements of a piercing the corporate veil claim. However, the Seventh Circuit has made it clear that a plaintiff is not required to plead facts for each element of a claim. *See also Head v. Chicago School Reform Bd. of Trustees*,

225 F.3d 794, 801 (7th Cir. 2000)(indicating that the plaintiff was not required under the notice pleading standard to "plead[] sufficient facts to establish the legal elements of his claim."); *Sanjuan, Inc.*, 40 F.3d at 251(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). Defendants argue that "[i]n order to state a claim for piercing the corporate veil under Delaware law, a plaintiff must allege" three elements. (Mot. 7). In support of this assertion, Defendants cite two Delaware state cases which do not control the scope of the notice pleading standard in federal court. Defendants also cite Delaware case law that addresses factors to be considered in determining whether a party may pierce the corporate veil. Defendants inexplicably argue that McGowan has failed to allege facts to match up with the factors. (Reply 4). However, the factors by their very nature are merely part of the considerations of the court when making the substantive determination of the claim on the merits and are not part of any pleading standard in the federal courts. Thus, Defendants seek to impose an improper pleading standard upon McGowan in regards to the piercing the corporate veil theory.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to strike and deny Defendants' partial motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 25, 2005